**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MATTHEW ROBERT YOUNG,

            Plaintiff - Appellant,

  v.

MARK NOOTH, Superintendent of SRCI;
et al.,

            Defendants - Appellees.

No. 11-35999

D.C. No. 3:08-cv-01138-PK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted August 14, 2013[**]

Before:    SCHROEDER, GRABER, and PAEZ, Circuit Judges.

    Oregon state prisoner Matthew Robert Young appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging that

defendants violated his First, Eighth, and Fourteenth Amendment rights.  We have

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Young's claim that defendants denied him access to the courts because Young failed to raise a genuine dispute of material fact as to whether defendants' actions caused an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 348-53 (1996) (setting forth actual injury requirement).

The district court properly granted summary judgment on Young's deliberate indifference claims because Young failed to raise a genuine dispute of material fact as to whether defendants knew of and consciously disregarded a serious risk of harm to his health. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (setting forth objective and subjective prongs of deliberate indifference claim); *Toguchi*, 391 F.3d at 1059-60 (neither a difference of opinion concerning the course of treatment nor mere negligence in diagnosing or treating a medical condition amounts to deliberate indifference); *see also Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (discussing the requirements for establishing supervisory liability).

Young's contentions concerning the magistrate judge's allegedly improper

rulings are unpersuasive.

**AFFIRMED.**